# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Alexander H. Southwell
Direct: 212.351.3981
Fax: 212.351.6281
ASouthwell@gibsondunn.com

Client: T 46379-00006

July 17, 2014

BY ECF

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States of America* ex rel. *Keith Edwards v. JPMorgan Chase Bank, N.A., et al.*,
        No. 13 Civ. 0220 (JPO)

Dear Judge Oetken:

      We write on behalf of defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively, "Chase") in connection with the above-referenced action, which was closed on February 5, 2014.

      On July 3, 2014, we first received notice via ECF that *pro se* litigant, Francise M. Kelley, had filed an Emergency Motion to Intervene.[1] (Dkt. 37.) Ms. Kelley's motion is not a model of clarity, and her unsupported and spurious allegations of misconduct by Chase require no response here. However, Ms. Kelley raises two points to which we will reply.

      *First*, Ms. Kelley "requests that the Court and Federal Government inquire into JPMorgan's failure to advise the Government of Plaintiff's First Filer and Original Source status."[2] (Mot. at 2.) Ms. Kelley's request is baseless. Ms. Kelley is, at bottom, seeking a payday as a whistleblower because she claims to have been the first relator to make (unspecified) False Claims Act ("FCA") allegations against Chase. Even assuming, without conceding, that Ms. Kelley were the "first filer," we are aware of no authority—and Ms. Kelley cites none—that obligates Chase to inform the government of that fact.

      In any event, even if Chase had some obligation to inform the government of first filers, there is no reason for Chase to have done so here because the factual and legal claims

---

[1] Ms. Kelley did not serve Chase with her motion. (*See* Mot. at 27 *et seq.*)

[2] As part of this request, Ms. Kelley asks the Court and the government to subpoena correspondence between Chase's in-house counsel and the outside counsel representing Chase in Ms. Kelley's case. (Mot. at 13.) Ms. Kelley's plainly inappropriate request for privileged communications should be denied. *See* Fed. R. Civ. P. 26(b)(1).

**GIBSON DUNN**

Hon. J. Paul Oetken
July 17, 2014
Page 2

in Ms. Kelley's lawsuit have no relevance to the present action. Indeed, there never was an FCA claim properly in Ms. Kelley's case. Ms. Kelley first attempted to assert an FCA claim when seeking leave to file her *sixth* amended complaint, which the court denied. *Kelley v. JPMorgan Chase Bank*, No. 11-cv-02497 (N.D. Ga.) (Dkt. 51 at 6-10) (also denying leave to assert *twenty-five* other newly asserted claims). Moreover, Ms. Kelley's lawsuit concerned the foreclosure of a single property in Georgia due to the failure to make payments on an "Adjustable Rate Mortgage" or "ARM." *Id.* (Dkts. 95-3, 95-4, 163 at 2). The present action concerned Chase's compliance with government rules for thousands of mortgages insured by the Federal Housing Administration. The types of mortgages and the conduct at issue in the two cases are entirely different. It is illogical to argue that Chase should have informed the government that an individual attempted, and failed, to make an FCA claim—which was conclusorily alleged, *id.* (Dkt. 42 at 7)—arising from facts wholly unconnected to the present case.

In addition, Ms. Kelley herself claims to have "pointed," "showed," "noticed," and "served" her purported FCA claim on the government as early as September 2012. (*See, e.g.*, Mot. at 4-8.) It is thus immaterial whether Chase also did so prior to the settlement of this action in February 2014.

*Second*, Ms. Kelley asks the Court to "stay the pending settlement agreement" between the government and Chase. (Mot. at 1-2.) Ms. Kelley provides no justification for this request—and there is none. Even assuming Ms. Kelley were the "first filer," that would impact only Ms. Kelley's right to receive a portion of the settlement proceeds, not whether the other terms of the settlement agreement should be stayed. Moreover, the Court approved the parties' settlement agreement months ago (Dkt. 8), and the extensive set of releases and admissions in the agreement have governed the parties' conduct since that time. Upsetting the *status quo* by halting enforcement of the agreement would, at a minimum, prejudice Chase's economic interests in a final resolution of this action and give rise to uncertainty about the parties' future obligations.

Chase respectfully requests that the Court deny Ms. Kelley's motion in its entirety, or at least to the extent and for the reasons set forth above.

Respectfully submitted,

*/s/ Alexander H. Southwell*

Alexander H. Southwell

cc: Counsel of Record (via ECF)
Francise M. Kelley (via U.S. Mail)