

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

May 23, 2014

**By ECF**

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007-1312

                Re:    *United States v. Deutsche Bank AG, et al.*
                          Docket No. 11 Civ. 2976 (LAK)

Dear Judge Kaplan:

      We write on behalf of the United States (the "Government") in response to the motion filed by Anthony Viola ("Viola") to "unseal records" in the above-titled mortgage fraud case settled in May 2012. Viola, appearing *pro se*, was convicted on April 1, 2011, in Ohio of crimes involving mortgage fraud against multiple subprime lenders, including MortgageIT, one of the defendants in the civil case litigated in this Court. Viola now moves this Court for an order requiring the United States Attorney's Office in the Southern District of New York to forward all of its files and records related to the above civil lawsuit, filed weeks after Viola's conviction, to the United States Attorney's Office in the Northern District of Ohio so that office can review the information for potential *Brady* material relating to the charges for which he was convicted. Viola claims that he is entitled to this information because after he was convicted for defrauding various lenders, including MortgageIT, the Government filed a civil complaint alleging that MortgageIT knowingly originated loans that did not comply with underwriting guidelines. *See* Motion to Unseal Records ("Motion") at 1-2. For the reasons stated below, Viola's motion should be denied.

      As an initial matter, Viola's motion is improperly before this Court. While Viola styles his motion as one "to unseal records," the substance of the motion reveals that it is essentially a motion for an order requiring the United States Attorney's Office in the Northern District of Ohio to review potential *Brady* material three years after Viola's conviction. *See* Motion at 7. There are no Court records to unseal in this matter in the Southern District of New York, and this Court is not in the best position to know whether the Government's files in a civil investigation in New York could potentially have any relevance to a criminal prosecution that took place three

Letter to Hon. Lewis A. Kaplan
May 23, 2014
Page 2

years ago in Ohio. Any order requiring prosecutors in Ohio to review records for potential *Brady* material for a case prosecuted in Ohio would have to be issued by the district court in Ohio, not this Court. Simply put, since there are no "sealed" records filed in this matter in the Southern District of New York, the relief sought by Viola cannot be granted by this Court.

Moreover, Viola's motion is untimely. On April 1, 2011, a jury in Ohio found Viola guilty on multiple counts of fraud. (*See United States v. Lesniak, et al.,* Case No. 1:08CR506, Judgment, Dkt. Nos. 244, 245). Subsequent to his conviction, Viola filed multiple motions for a new trial (Dkt. Nos. 248, 257, 277, 285, 289, 328, 434), motions for reconsideration of the district court's denial of Viola's motions for a new trial (Dkt. Nos. 353 – 359), and, two appeals to the Sixth Circuit (Case Nos. 12-3112 and 14-3348).[1] Viola's motion before the Court, despite its title, is essentially just another motion for a new trial that is time barred pursuant to Federal Rule of Criminal Procedure 33(b). Rule 33(b) requires motions for new trials to be filed within three years of the verdict or finding of guilty if the motion is based on "newly discovered evidence," and within 14 days of a verdict of finding of guilty if the motion is based on any other grounds. While it is not at all clear that Viola's motion is based on "newly discovered evidence," even assuming he could successfully make that argument, his motion is time barred. Viola's current motion was first filed in this Court on April 30, 2014, *See United States v. Deutsche Bank AG, et al.,* Dkt. No. 51, more than three years after he was found guilty by a jury. In light of the fact that the Government's civil case against MortgageIT was filed in May 2011, there is no explanation for Viola's failure to file his motion in a timely manner. As such, Viola's motion should be denied as time barred.

Finally, even if this Court were to conclude that Viola's motion is properly before this Court and is not time barred, he has not provided — and cannot provide — any evidence that the information he is seeking was within the control of the team that prosecuted Viola. *Brady* only obligates the Government to produce evidence within the control of the "prosecution team." That team includes federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the defendant. *See Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (noting prosecutor had a duty to learn of evidence "known to the others acting on the government's behalf in this case.") *Brady* does not obligate a prosecutor to produce any and all information anywhere that might be of interest to the defense. As the Second Circuit has held, "the imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt 'a monolithic view of government' that would 'condemn the prosecution of criminal cases to a state of paralysis.'" *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998)(quoting *United States v. Gambino,* 835 F. Supp. 74, 95 (E.D.N.Y.1993),

---

[1] For the Court's convenience, a copy of the docket sheet of Viola's criminal case in Ohio is attached.

*aff'd,* 59 F.3d 353 (2d Cir.1995)).  Indeed, it would have been highly unlikely for the criminal prosecution team in Ohio to have known about the civil investigation of MortgageIT in New York since, as Viola admits in his motion, the civil law suit in New York was filed weeks after his conviction in Ohio.  *See* Motion at 2.

For these reasons, Viola's Amended Motion to Unseal Records should be denied.  We thank the Court for its consideration of this matter.

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney

By:    /s/ Lara K. Eshkenazi
         LARA K. ESHKENAZI
         Assistant United States Attorney
         Tel.:  (212) 637-2758
         E-mail:  Lara.eshkenazi@usdoj.gov