RECEIVED MAY 19 2014 JUDGE KAPLAN'S CHAMBERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK **MEMO ENDORSED**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case # 11-CIV-2976 |
| Plaintiff, ) | |
| -vs.- ) | JUDGE: The Most Honorable Lewis Kaplan |
| DEUTSCHE BANK AG and ) MORTGAGEIT, INC., ) | **AMENDED** |
| Defendants. ) | **MOTION TO UNSEAL RECORDS** |

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 6/27/14

Now comes nonparty Anthony L. Viola, Pro Se, and respectfully requests that This Most Honorable Court will unseal all records in this case and forward those records to the United States Attorney's Office for the Northern District of Ohio in order for that office to review materials relevant to my criminal case and identify any Brady documents.

### BACKGROUND

I was indicted three times -- once in federal court and twice in state court -- by a joint federal-state mortgage fraud task force, alleging that I tricked subprime lenders, including Deutsche Bank's MortgageIT division, into making loans that did not meet their lending guidelines. Such loans supposedly included "no money down loans" with seller-assisted downpayments, which lenders allegedly did not permit (See Docket # 54, indictment, Case CR-08-506, USA v. Anthony Viola, N.D. Ohio). I was convicted in federal court but, from jail and without an attorney, I was acquitted on identical charges in state court after a six week jury trial. Using evidence federal prosecutors claimed did not exist, I proved my innocence and proved that lenders knowingly made the loans in question because lender files contained proof that

lenders <u>knowingly</u> waived conditions or <u>knowingly</u> authorized -- through lender-generated closing instructions to the title company -- no money down, cash out loans. Moreover, my real estate attorney testified in state court that addendums that the government said were fraudulent were, in fact, proper and copied from sample addendums provided by the federal Department of Housing and Urban Development, thereby proving my innocence.

I am serving a 12½ year federal sentence. I recently filed a Rule 33 Motion for New Trial in the district court based on recent admissions by lenders involved in my case that they <u>knowingly</u> made no money down loans and loans that did not meet their lending guidelines and lied about that practice. Lenders told the same lie at my federal trial that they told purchasers of mortgage-backed securities: we only make loans that meet our underwriting guidelines (see, for example, the trial testimony of Alfio Savarino, Docket # 224). Materials in this case are relevant to my filings because the government's allegations against MortgageIT mirror my defense: lenders <u>knowingly</u> made no money down loans and were not defrauded. At the same time the U.S. Attorney in New York was pursuing this case, jurors in my case were told that MortgageIT only made loans that met their underwriting guidelines (see closing statement, transcript page 4070 and government appellate brief at 15, filed May, 2013). MortgageIT is an innocent victim entitled to restitution (see Judgment and Committal, filed February, 2012), according to the U.S. Attorney in Cleveland. According to the U.S. Attorney in New York, in a complaint filed just weeks after my trial ended, Deutsche Bank and MortgageIT knowingly "selected mortgages that violated program guidelines in blatant disregard of whether borrowers could make mortgage payments" (Complaint at 1). Audit reports that described underwriting violations were "stuffed ... unopened and unread, in a closet

- 2 -

in MortgageIT's headquarters" complaint at 24. This information is highly relevant to my case because it defeats a key element of wire fraud: any alleged misrepresentation must be "material" according to Neder v. United States, 521 U.S. 1, 16 (1999).

The government's position in my criminal case and the allegations set forth in the complaint in this matter are wholly opposite. Moreover, the date of the filing of this complaint -- May 3, 2011 -- just weeks after the conclusion of my trial --proves that the information in the complaint was not available to the public and could not be obtained by exercising diligence. Even though the information in this complaint was in the constructive possession of the U.S. Attorney in Cleveland, it was never provided to the defense. The information in this complaint -- and in the investigation of MortgageIT -- supports the defense theory in this case: lenders knowingly made no money down loans and were not defrauded. Information in this matter also proves that the government is abusing its power to indict an innocent real estate salesman who had no involvement with any loan origination or submission. Will the U.S. Attorney in Cleveland indict all parties to the MortgageIT transactions described in this complaint for tricking MortgageIT into making loans that the bank knew did not meet lending guidelines?

OVERVIEW OF CASE LAW CONCERNING SEALED RECORDS

The Supreme Court has held that the First Amendment presumptive right of access applies to all criminal trials, Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980) and the Second Circuit has extended that principle to "civil trials and their related proceedings and records." N.Y. Civil Liberties Union v. N.Y.C. Transit Authority, 684 F.3d 286, 298 (2nd Cir., 2012) and includes key pleadings such as

summary judgment motions, pretrial motions and all documents submitted in connection with them, Lugosch v. Pyramod Co. of Onondaga, 435 F. 3d 110, 124 (2nd Cir., 2006); In Re New York Times Co., 828 F.2d 110, 114 (2nd Cir., 1987). Since documents in the possession of This Most Honorable Court or the parties to this case directly relate to the innocence of criminal defendants such as myself, and are relevant to determine Deutsche Bank's status as a "victim" receiving restitution, they should be reviewed by the U.S. Attorney in Cleveland to determine their relevance to criminal cases involving this lender.

Supposedly, under the American system of justice, it is preferable to let ten guilty men go free than to convict one innocent man, Furman v. Georgia, 408 U.S. 238. 367 n. 158 (1992); United States v. Greer, 176 U.S. App. D.C. 89, 538 F.2d 437, 441 (D.C. Cir., 1976). Since I already proved my innocence in state court, there is no need to speculate: an innocent man is in jail and documents in this case further prove my innocence.

## OVERVIEW OF THE GOVERNMENT'S BRADY OBLIGATIONS

Under Brady v. Maryland, 373 U.S. 83, 87-88 (1963), the government must disclose any material exculpatory or impeachment evidence to the defendant, see also Giglio v. United States, 405 U.S. 150, 154-55 (1972). Since the Deutsche Bank lawsuit defeats an element of wire fraud, it is material to the case; since the state court not guilty verdict utilized other evidence federal prosecutors did not provide but that also proved willfull blindness on the part of lenders, the failure to provide this evidence was prejudicial. And since "loss calculations" determined the length of my sentence and restitution, information showing that Deutsche Bank (1) was not harmed by any alleged

- 4 -

conduct by this defendant, (2) That Deutsche Bank admitted it <u>knowingly</u> made loans that did not meet its lending guidelines and violated the law when reselling loans, and (3) The Bank paid bondholders to make them whole. Thus, the bank is not a victim and further restitution from me to Deutsche Bank bondholders either constitutes a windfall to those bondholders or an unfair indemnification to Deutsche Bank for their illegal actions, contrary to <u>United States v. Reifler</u>, 446 F.3d 65, 138-39 (2nd Cir., 2005). Since I have a pending motion to hold restitution in abeyance (Docket # 436), these materials are directly relevant to that filing.

## OVERVIEW OF JUDICIAL ESTOPPEL

The request for records in this case will allow me to point out to the District and Appellate Courts that the Department of Justice is engaged in "improper use of judicial machinery," <u>Intellivision v. Microsoft Corp.</u>, 484 Fed. App'x 616, 619 (2nd Cir., 2012).

> The doctrine of judicial estoppel prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by him in a prior proceeding, <u>Bates v. Long Island Rail Road Co.</u>, 997 F.2d 1028, 1037 (2nd Cir., 1993).
>
> There are two objectives behind judicial estoppel: (1) to preserve the sanctity of the oath by demanding absolute truth and consistency in all sworn positions; and (2) To protect judicial integrity by avoiding the risk of inconsistent results in two proceedings, <u>Marvello v. Chemical Bank</u>, 923 F. Supp. 487, 490 (S.D. NY, 1996), quoting <u>Bates</u>, 997 F.2d at 1037.

Sealing records enables the Justice Department as they play a "double game" concerning the actions of banks in so-called Mortgage Fraud Trials. In my case, jurors were repeatedly told -- dozens of times, see Docket 434, Attachment XI -- that lenders did not permit no money down loans and only made loans that met their lending guidelines (see government closing statement at p. 4070).

Despite the foregoing, and concerning the **exact same properties** at issue in my case (See Docket # 353, Attachments 8-10), the government told jurors in different courtrooms that lenders knowingly made no money down loans or loans that did not meet lending guidelines and then lied about that practice when re-selling loans. The Department of Justice and the Federal Housing Finance Agency are parties to numerous court cases in which lenders have admitted knowingly making loans that did not meet their lending guidelines. For instance, the Justice Department's $13 billion settlement with JP Morgan Chase and Washington Mutual contains admissions which defeat any wire fraud allegations. That lender closed loans when it was fully aware that borrower's overstated their incomes, closed loans when material documents such as appraisals were missing from the loan file and, moreover, closed loans "in bulk" without even reviewing the loans on a "case by case basis" (Statement of Facts, pages 1-8, available at www.doj.gov, November 19, 2013 press release and attachments).

The United States Attorney in Cleveland cannot disclaim knowledge of what his colleagues in the New York office were doing, Santobello v. New York, 404 U.S. 257, 262 (1971). Even if the U.S. Attorney's Office in Cleveland was unaware of these proceedings and related investigation, "the individual prosecutor is presumed to have knowledge of all information gathered in connection with the government's investigation" and "the prosecutor's good faith or lack of bad faith is irrelevant." United States v. Payne, 63 F.3d 1200, 1208 (2nd Cir., 1995)(citing Kyles v. Whitley, 514 U.S. 419, 437-38 (1995).

Finally, the records at issue in this matter affect more citizens than me. These records may be relevant to other criminal defense attorneys, homeowners facing foreclosure or defendants paying restitution

to Deutsche Bank or its bondholders.

**WHEREFORE,** Anthony L. Viola, Pro Se, respectfully requests that This Most Honorable Court will grant the following:

(1) Order the Clerk of Court to provide a complete copy of the docket in this matter at no cost, since I am indigent;

(2) Order all files and records in possession of This Most Honorable Court that are "judicial documents" and relate to this matter and all files in the U.S. Attorney's Office in New York relating to this matter be forwarded to the U.S. Attorney's Office in Cleveland so that office can review these materials for Brady violations;

(3) Order that the Department of Justice report back to This Most Honorable Court within 30 days with a recommendation of which materials, if any, are relevant to criminal prosecutions and which records, if any, should be provided to me or filed with the District Court reviewing my case; and

(4) Any additional relief deemed just and equitable by This Most Honorable Court.

Since no records are being made public at this stage, Deutsche Bank would not be prejudiced by this request and should have no objection to this motion. Thank you very much for considering this request.

Respectfully Submitted,

Anthony L. Viola, Pro Se
# 32238160
McKean Federal Correctional
Institution - P.O. Box 8000
Bradford, Pa. 16701

- 7 -

Attached to this Motion is additional information further proving my innocence. The Most Honorable Daniel Gaul, Cuyahoga County Common Pleas Court Judge, informed jurors in my case that he fully agreed with their "not guilty" verdict and believes an innocent man is in jail. Judge Gaul has been assisting me obtain important information that has been included on the federal record, as the following attachments verify.

CERTIFICATE OF SERVICE

I, Anthony L. Viola, respectfully state that I have served a copy of the foregoing Amended Motion to Unseal Records upon the individuals named on Page 13 of the Stipulation and Order of Settlement and Dismissal on this 12th Day of May, 2014, via regular U.S. Mail, postage prepaid. Those individuals are listed as follows:

Andrew J. Levander
Linda Goldstein
Michael Park
Dechert LLP
1095 Avenue of the Americas
New York, New York  10036

Lara K. Eshkenazi
Pierre Armand
Christpoher Harwood
Assistant U.S. Attorneys
United States Attorney's Office
Southern District of New York
86 Chambers Street - Third Floor
New York, New York  10007

with a copy to:  Mr. Stephen Dettelbach, United States Attorney for the Northern District of Ohio, 801 West Superior Avenue, Suite 400, Cleveland, Ohio  44113

If any other parties or individuals require service, I am respectfully requesting that the Clerk of Court provide me with any such parties and their mailing addresses.

Respectfully Submitted,

Anthony L. Viola # 32238160
McKean Federal Correctional
Institution - P.O. Box 8000
Bradford, Pa.  16701


**Everything Cleveland**

# Real estate broker Anthony Viola wins fight against prosecutors

Published: Thursday, April 26, 2012, 5:45 PM    Updated: Friday, April 27, 2012, 10:30 AM

 By **Sarah Jane Tribble, The Plain Dealer**

(A previous version of this story used the wrong first name for Common Pleas Judge Daniel Gaul.)

CLEVELAND, Ohio -- A Cleveland Heights real estate broker, who was convicted in federal court of being a key figure in one of the nation's biggest mortgage fraud cases, won acquittals today on more than 50 similar charges in state court while representing himself.

The not guilty findings could aid **Tony Viola** in his appeal of his federal conviction, which he blames on ineffective representation by his then-defense lawyer, Jay Milano -- an accusation Milano disputes.


**View full size**
Tony Viola

After four weeks of testimony in Cuyahoga County Common Pleas Court, a 12-member jury deliberated over five days before delivering the not guilty verdicts for Viola, 46, president of Cleveland-based Realty Corporation of America.

State and federal prosecutors have described Viola and one-time associate, Uri Gofman, as the ringleaders in a scheme that defrauded banks out of $44 million in loans on 453 homes in Cuyahoga County.

Viola, who is serving a 12½ year prison term on federal charges, sent an e-mail after the verdict said the state's case against him contained "huge" holes.

"This is a mortgage fraud case, I am a real estate agent," Viola wrote in the e-mail. "I have never done a loan in my life, the prosecution had a tough time tying me to mortgage scams."

Dan Kasaris, an assistant county prosecutor on the case, described Viola's acquittal as "shocking."

The jury must have been sympathetic to Viola because he is already serving time, Kasaris said, adding that the jury was fooled by a "salesman, motivational



Case 1:13-cv-02206-JPAK  Document 452  Filed 07/28/14  Page 11 of 15

speaker and actor."

"Tony Viola has made a life of deflecting, detouring and lying and fortunately for the residents of the state of Ohio and Cuyahoga County, a federal jury was wise to that," Kasaris said.

A Mortgage Fraud Task Force that includes federal, state and local law enforcement agents had investigated Viola and Gofman.



Plain Dealer file

Tony Viola, a Cleveland Heights real estate broker shown here in 2008, won acquittals today on more than 50 mortgage-fraud charges in state court while representing himself.

Gofman pleaded guilty to both federal and state charges and is cooperating with prosecutors.

The federal and state cases were similar but not the same. Federal prosecutors based their case on 33 properties, and only 10 of those were included in the state and local case, Kasaris said.

The state case included more than 50 properties -- all of which, Kasaris said, were examples where Viola was involved in the details of transactions beyond being just a broker.

"He drove a bunch of non-sophisticated buyers into bankruptcy and caused ... houses to go into foreclosure," Kasaris said. "It caused depreciation of neighborhoods in Cleveland Heights and Cleveland."

The outcome of the state trial has no direct impact on the federal appeal, Kasaris said. But attorney John Gibbons, who was assigned by the court to be Viola's stand-by counsel, said the not guilty verdict will help "tremendously."

Viola is asking to be released on bond while appealing his federal trial.

Viola blames the loss of his federal case on Milano. Milano, a Rocky River attorney who pressed a racketeering case against the Catholic Diocese over clergy abuse, was not aggressive enough and failed to call key witnesses, Viola said.

Today, Milano said Viola's allegations were based on "flat-out lies."

During the state trial, Viola called nearly 20 state court witnesses, including clients and former employees. Friends also stopped by the court to sit behind him and offer support.

Dennis Spagnolo, who met Viola when the two were students the private University School, sat in on a handful of days to offer support. He described his childhood friend as "just a charismatic, comedic guy that people are drawn to."

Because Viola was defending himself in the local case, Cuyahoga County Common Pleas Court Judge Daniel Gaul had allowed Viola unusual access to a computer. Viola frequently used e-mail and the popular social networking site Facebook throughout the trial.

Within minutes of the 12-member jury's verdict, Viola posted a public status update for all of his 3,117 Facebook friends: "I am so thankful for what just went on in court."

By 4:30 p.m., 58 of Viola's Facebook friends had "liked" his post and another 36 had offered comments of congratulations.

"Just one step closer to coming home!" one friend posted.

© 2012 cleveland.com. All rights reserved.

**THE COURT OF COMMON PLEAS**

COUNTY OF CUYAHOGA

JUSTICE CENTER

1200 ONTARIO STREET

CLEVELAND, OHIO 44113

DANIEL GAUL
Judge
443-8706

May 2, 2014

Mr. Anthony L. Viola
McKean Federal Correctional Inst.
P.O. Box 8000
Bradford, PA 16701

Dear Tony,

    I have authorized release of the transcripts you requested, in electronic format, to Mr. Yant. It is my understanding that Court Reporter Carla Kuhn has already emailed said transcripts to Mr. Yant.

    Tony, I hope these documents are useful for your federal appeal. I wish you the very best of luck.

Sincerely,

Daniel Gaul
Judge

DG/jc

P.S. It seems everybody on the 19th Fl. is pulling for at least a major sentence reduction if not outright acquittal. Take Care Paul,

D.



## THE COURT OF COMMON PLEAS

COUNTY OF CUYAHOGA
JUSTICE CENTER
1200 ONTARIO STREET
CLEVELAND, OHIO 44113

DANIEL GAUL
Judge
(216) 443-8706

February 7, 2014

Mr. Anthony L. Viola
#32238160
Ashland Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105

Dear Tony,

I have been meaning to write since your correspondence. Hope you are doing well and that your health and spirits are holding up.

I recently spoke with Court Reporter Melissa Jones. I have authorized her to prepare that portion of your trial transcript that you requested. This will be provided to you by my court at no cost in the interest of justice.

Also, I spoke with Attorney Angelo Lonardo yesterday. He is representing the ex-Marine bank robber whom you have come into contact with (Walker). Anyway, Lonardo and I spoke about how fortunate Lonardo's client was to meet up with you at the institution.

Lonardo has a very high opinion of you which I share. Hope things work out for you and his client also.

Please let me know if I may be of further service.

Sincerely yours,

Daniel Gaul
Judge

DG/jc

Memorandum Endorsement          United States v. Deutsche Bank AG, 11 Civ. 2976 (LAK)

The motion is denied substantially for the reasons set forth in the government's letter dated May 23, 2014.

SO ORDERED.

Dated:   June 27, 2014

_____
Lewis A. Kaplan
United States District Judge