

**U.S. Department of Justice**

*United States Attorney
Southern District of New York*

---

*86 Chambers Street
New York, New York 10007*

July 22, 2014

**By ECF**
Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

        Re:    *United States of America* ex rel. *Keith Edwards v. JPMorgan Chase Bank, N.A., et al.*, No. 13 Civ. 0220 (JPO)

Dear Judge Oetken:

      We represent the United States of America (the "Government") in the above-referenced mortgage-fraud case, which was settled and closed in February 2014.  We write respectfully in response to the "Emergency Motion to Intervene" (the "motion") filed by non-party Francise M. Kelley.  *See* Dkt. 37.  For the reasons set forth below, Ms. Kelley's motion should be denied.

      Although Ms. Kelley styled her motion as one to intervene, the relief she is seeking is for this Court to "issue an order of inquiry into [her] First Filer status and [— pending the result of such order of inquiry —] stay the pending settlement agreement and [the] disbursement of settlement proceeds [to relator Keith Edwards]."  Dkt. 37 at 1.  Ms. Kelley claims that she is entitled to a portion of the settlement proceeds in this case based on "the False Claims Act [claims allegedly] contained in [her] 5th, 6th and 7th Amended Complaint[s]" in *Kelley v. JPMorgan Chase Bank*, No. 11-cv-02497 (N.D. Ga.) (the "Georgia action").  *E.g.*, Dkt. 37 at 6, 12-13.  Ms. Kelley, however, was never permitted to file those claims.  By order dated October 22, 2012, the Northern District of Georgia denied her leave to file her 5th, 6th and 7th amended complaints.  *See* Georgia Action Dkt. 51 at 8 & n.6 (a copy of the October 22, 2012 order is attached hereto as Exhibit A).  Moreover, it appears that the False Claims Act claims that Ms. Kelley attempted (unsuccessfully) to raise in the Georgia action are unrelated to the False Claims Act claims that the Government and the relator pursued in this case.  This case was premised on Chase's improper *endorsement* of loans for FHA insurance, whereas, in the Georgia

action, it appears that Ms. Kelley attempted to raise claims based on Chase's allegedly improper *assignment* of loans.  *See* Georgia Action Dkt. 42 at 7 & n.4.[1]

Finally, Ms. Kelley is litigating the Georgia action *pro se*, and *pro se* litigants are not permitted to pursue False Claims Act claims on behalf of the Government.  *See, e.g.*, *Hayes v. Dep't of Educ. of the City of New York*, No. 12-1357, 2014 WL 2048196, at *3 (S.D.N.Y. May 16, 2014); *Klein v. City of New York*, No. 10-9568, 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012); *Lindsay v. Tech. College Sys. of Ga.*, No. 09-2133, 2011 WL 1157456, at *2 (N.D. Ga. Mar. 29, 2011).  Accordingly, even if the False Claims Act claims that Ms. Kelley sought to raise in the Georgia action were relevant to this case, had been properly filed, and had been properly served on the Government,[2] they would have been subject to dismissal.

For the reasons set forth above, the Government respectfully submits that Ms. Kelley's "Emergency Motion to Intervene" should be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:  /s/ Christopher B. Harwood
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
Telephone:  (212) 637-2728
E-mail:  christopher.harwood@usdoj.gov

Copy to:
Francise M. Kelley (via U.S. Mail)
Counsel of Record (via ECF)

---

[1] The amended complaints in which Ms. Kelley attempted to raise False Claims Act claims in the Georgia action are not available on Pacer.  Accordingly, the Government is relying on the description of those claims in Chase's memorandum in opposition to Ms. Kelley's motion to file her amended complaints.  *See* Georgia Action Dkt. 42 at 7-8 (a copy of Chase's memorandum in opposition is attached hereto as Exhibit B).

[2] It is not clear from Ms. Kelley's filing here that she properly served the False Claims Act claims that she sought to raise in the Georgia action on the Government.