```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
UNITED STATES OF AMERICA, ex rel.                          :
KEITH EDWARDS,                                             :
                                                           :        13-CV-220 (JPO)
                                Plaintiff,                 :
                                                           :        OPINION AND ORDER
            -v-                                            :
                                                           :
JP MORGAN CHASE BANK, N.A., and JP                         :
MORGAN CHASE & COMPANY,                                    :
                                                           :
                                Defendants.                :
-----------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

In January 2013, Relator Keith Edwards brought this qui tam action on behalf of the United States of America against Defendants JP Morgan Chase Bank, N.A., and JP Morgan Chase & Company (collectively, "JPMC"). The case was sealed until February 4, 2014, when the Government elected to intervene. (Dkt. No. 7.) On February 5, 2014, the Court approved a settlement among the United States, JPMC, and Edwards, under which JPMC agreed to pay $614 million to the Government. (Dkt. No. 8.) A stipulation, entered on March 7, 2014, determined Edwards's share of the settlement proceeds. (Dkt. No. 9.) This concluded the substance of the case.

But on May 16, 2014, nonparty Anthony L. Viola ("Viola"), proceeding *pro se*, filed a motion to intervene in the action and requested certain documents. (Dkt. No. 26.) Viola requests copies of the loan files underlying the Government's complaint in this case; that files be provided to the United States Attorney's Office in Ohio for a determination of whether they are relevant to Viola's criminal case; and a list of records under seal in this case. JPMC and the Government oppose the request. (Dkt. Nos. 32, 33.)

1

On June 25, 2014, another nonparty proceeding *pro se*, Francise M. Kelley, filed a document captioned as an "Emergency Motion to Intervene." (Dkt. No. 37.) Since that time she has made a series of filings with this Court, including a request to file an amended request to intervene. In September, the Court granted Kelley's request that the ruling on her motion to intervene be delayed until after October 6, 2014, so that she could find counsel to represent her in this case. That time has now passed, and no appearance has been entered on Kelley's behalf.

I.  **Legal Standard**

Under Rule 24 of the Federal Rules of Civil Procedure, a nonparty may intervene in an action filed by someone else. The court must permit intervention as a matter of right for parties who claim an interest in the property or transaction at issue that would not be protected by existing parties to the action. Fed. R. Civ. P. 24(a). The court also may permit intervention by a party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In deciding a motion to intervene, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In deciding whether a party has the right of access to judicial records, courts employ two "related but distinct presumptions in favor of public access to court . . . records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). Both presumptions attach only to "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Unless the document is itself evidence in a trial or summary judgment motion—in which case the presumption applies as a matter of law, *id.*—courts consider several factors in determining whether a document is "judicial." Chief among them is whether or not the court has

relied on the document in the exercise of its judicial function. *Id.* ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process.").

II.     **Anthony Viola's Motion to Intervene and to Unseal Records**

In 2011, Viola was convicted by a federal jury in the Northern District of Ohio for offenses stemming from a mortgage fraud scheme. *See United States v. Viola*, No. 08-CV-506, 2012 WL 3044295, at *1 (N.D. Ohio July 25, 2012). Viola was sentenced to 150 months in prison and is presently incarcerated. Viola argues that he needs the documents filed in this case because they reveal that JPMC was not in fact following its stated mortgage underwriting guidelines. Similarly, he contends that he has a right to intervene in the action for the purpose of obtaining those documents and other information.

Viola has filed a number of requests in other cases involving lending institutions connected to his prosecution. *See, e.g., Fed. Housing Fin. Agency v. JPMorgan Chase & Co.*, Nos. 11-CV-6188 (DLC), 11-CV-6192 (DLC), 2014 WL 1407667 (S.D.N.Y. Apr. 11, 2014); Motion to Intervene and Request for Judicial Documents, *United States v. Wells Fargo Bank, N.A.*, No. 12-CV-7527 (JMF) (S.D.N.Y. filed May 5, 2014) [Dkt. No. 109]; *United States v. Deutsche Bank AG*, 11-CV-2976 (LAK). His prior motions to intervene and requests for documents have been denied. *See* Order, *United States v. Wells Fargo Bank, N.A.*, No. 12-CV-7527 (JMF) (S.D.N.Y. May 7, 2014) [Dkt. No. 110] (denying request to intervene for failure to satisfy Rule 24); *United States v. Deutsche Bank AG*, 11-CV-2976 (LAK) (S.D.N.Y. June 27, 2014) [Dkt. No. 55] (denying request to intervene).

Viola's present requests are without merit. He provides no basis to conclude that this case, which concerns mortgages written in connection with a specific government program, has anything to do with his case. Furthermore, the only documents under seal in this case are (1) Edwards's original complaint (Dkt. Nos. 1-3, 5-6); (2) documents related to the Government's

intervention (Dkt. Nos. 10-11); and (3) Edwards's request for fees and costs (Dkt. No. 19). Viola has made no showing that he cannot access the information he requires by consulting (1) the second amended complaint (Dkt. No. 12) and the settlement agreement (Dkt. No. 8), both of which are public. And he cannot conceivably articulate a compelling reason why he needs access to Edwards's motion for fees and costs. His requests for these documents are denied. Because the only interests he articulates with respect to this litigation revolve around access to these documents, his motion to intervene is denied.

### III.    Kelley's Motion to Intervene

Kelley moves to intervene in this action because she claims a right to first-filer status under the False Claims Act. The thrust of her argument seems to be that she pointed out the same fraud alleged in this suit in her motion papers in a separate civil lawsuit that she was prosecuting against JPMC. *See Kelley v. JPMorgan Chase Bank*, No. 11-CV-2497 (N.D. Ga. 2011). She argues that she—and not Keith Edwards—was therefore the "first filer" within the meaning of the False Claims Act. This argument is without merit because even if she did notify the Government, or JPMC, of the facts underlying the fraud charged here, she did not, in fact, file a *qui tam* action first.[1] Edwards did. No one but Edwards and the Government may participate in this action. *See* 31 U.S.C. § 3730(b)(5) ("When a person brings an action under [the False Claims Act], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."); *United States ex rel. Shea v. Cellco Partnership*, 748 F.3d 338, 341 (D.C. Cir. 2014). Her motion is therefore denied.[2]

---

[1] Kelley's action in the Northern District of Georgia concerned the foreclosure of property. She did not mention the False Claims Act in that action until her request to file a sixth amended complaint.

[2] Kelley seeks also to stay the settlement agreement between the Government and JPMC. Because Kelley has not articulated a valid interest in this action, her request is denied.

## IV. Conclusion

For the foregoing reasons, Viola and Kelley's motions to intervene are DENIED. Viola's request for documents is DENIED. Kelley's request that the settlement agreement be stayed is DENIED.

The Clerk of Court is directed to close the motions at docket numbers 26, 37, and 49, and to close this case.

SO ORDERED.

Dated: October 31, 2014
New York, New York

_____
J. PAUL OETKEN
United States District Judge

Copies mailed by chambers to pro se parties at the following addresses:

Anthony Viola
ID # 32238160
McKean Federal Correctional Institution
P.O. Box 8000
Bradford, PA 16701


Francise M. Kelley
6503 Barkston Trace
Douglasville, GA 30135